J-S61030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHANNON MESSERSMITH | |
| Appellant | No. 1142 EDA 2017 |

Appeal from the Judgment of Sentence February 21, 2017
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000501-2016, CP-52-CR-0000502-2016

BEFORE:  LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED NOVEMBER 03, 2017**

Appellant, Shannon Messersmith, appeals from the judgment of sentence of eighteen months to four years of incarceration, imposed February 21, 2017, following her negotiated guilty plea to two counts of possession with intent to deliver, and one count of possession of a controlled substance.[1] Additionally, Appellant's counsel, Robert Reno, Esquire, seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 87 S. Ct. 1936 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and (a)(16), respectively.

On October 6, 2016, Appellant pleaded guilty to the above charges and was sentenced on February 21, 2017, to an aggregate sentence of eighteen months to four years of incarceration. She filed a motion for reconsideration of sentence that was denied by the court.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued a responsive opinion.

In this Court, Appellant's counsel has filed an **Anders** brief, asserting a single issue that Appellant might seek to raise: whether the trial court abused its discretion in sentencing Appellant. **See** Appellant's Brief at 6. Appellant also questions whether there are any non-frivolous issues preserved on appeal.[2] **Id.**

When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;

---

[2] Although initially phrased as a question, counsel later concludes there are no non-frivolous issues preserved on appeal. **See** Appellant's Brief at 9.

- 2 -

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago,* only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers,* 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In the instant matter, Attorney Reno's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history; he refers to the portions of the record that could arguably support Appellant's claims; and he sets forth his conclusion that Appellant's appeal is frivolous. He explains his reasoning and supports his rationale with citations to the record as well as pertinent legal authority. Attorney Reno avers he has supplied Appellant with a copy of his *Anders* brief

and a letter explaining the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal. Thus, we may independently review the record to determine if the issues Appellant raises are frivolous and to ascertain if there are other non-frivolous issues she may pursue on appeal.

The sole issue counsel potentially raises on Appellant's behalf is a challenge to the discretionary aspects of her sentence. ***See*** Appellant's Brief at 10-14. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal. ***See Commonwealth v. Coulverson***, 34 A.3d 135, 142 (Pa. Super. 2011); ***see also*** Pa.R.A.P. 2119(f). This Court conducts a four-part analysis to determine: (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

Appellant timely filed a notice of appeal and preserved her issue in a post-sentence motion for reconsideration of sentence. ***See*** Mot. for Recons., 2/24/17, at ¶¶ 1-13. However, Mr. Reno has not included a Pa.R.A.P. 2119(f) statement in his brief before this Court. ***See Leatherby***, 116 A.3d at 83. Even so, where the Commonwealth does not object to the absence of a

Pa.R.A.P. 2119(f) statement, "we may reach our own conclusion as to whether Appellant should be permitted to proceed with [the] appeal." **See Commonwealth v. Stewart**, 867 A.2d 589, 592 (Pa. Super. 2005). Here, the Commonwealth does not object to the lack of inclusion of a Pa.R.A.P. 2119(f) statement, but instead argues that no relief is due, as Appellant has failed to raise a substantial question for our review. Because the Commonwealth has not expressly objected to the absence of a Rule 2119(f) statement, we decline to find waiver. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1271 (Pa. Super. 2013).

Essentially, Appellant's position is that her sentence is harsh and excessive based upon her circumstances. A claim that a sentence is manifestly excessive may raise a substantial question if Appellant sufficiently articulates the manner in which the sentence was inconsistent with the Code or contrary to its norms. **Commonwealth v. Mouzon**, 812 A.2d 617, 627-28 (Pa. 2002). A substantial question is not raised where the court takes into account, but rejects personal circumstances as a mitigating factor, and places its reasons for the sentence on the record. **See Commonwealth v. Kalichak**, 943 A.2d 285, 292 (Pa. Super. 2008).

Appellant does not identify a specific provision of the Code with which the sentence was inconsistent. Further, an examination of the notes of testimony of Appellant's guilty plea indicates that the court was informed of Appellant's disability and the special needs of her children and that it had the benefit of a pre-sentence investigation report and Appellant's allocution. **See**

- 5 -

Notes of Testimony (N.T.), 2/21/17, at 5-10. Thus, we cannot conclude, based on the record, that Appellant has raised a substantial question. *Kalichak*, 943 A.2d at 292.

In short, we agree with Attorney Reno that Appellant's issue is frivolous. We have independently reviewed the record and find no other issues of arguable merit that she could pursue on appeal.[3] Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Petition to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/3/2017

---

[3] We note that the certified record does not contain the notes of testimony from Appellant's guilty plea colloquy. However, her written colloquy does appear in the record.